WO

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Frank Karl Hertel, | No. CV-21-08044-PCT-JJT (ESW) |
| Plaintiff, | **ORDER** |
| v. | |
| David Shinn, et al., | |
| Defendants. | |

The Court has reviewed Plaintiff's "Motion to Amend the Complaint" (Doc. 39). Plaintiff seeks to add three new counts. Attached to Plaintiff's Motion are the factual allegations underlying each of the proposed new counts. Plaintiff, however, has not lodged a complete First Amended Complaint that contains the existing counts.[1]

Local Rule of Civil Procedure ("LRCiv") 15.1 requires an amended pleading to indicate in what respect it differs from the original pleading "by bracketing or striking through the text that was deleted and underlining the text that was added." A district court's local rules are not petty requirements, but have "the force of law." *Hollingsworth v. Perry*, 558 U.S. 183, 191 (2010) (citation omitted). The Ninth Circuit has made clear that a pro

---

[1] In its Order screening the original Complaint, the Court ordered Defendant Shinn, in his official capacity only, to answer (i) the Religious Land Use and Institutionalized Persons Act ("RLUIPA"), Free Exercise Clause, and Establishment Clause claims in Count One; (ii) the Equal Protection claim in Count Two; (iii) the Eighth Amendment claim in Count Three; and (iv) the access-to-the-courts claim in Count Four. (Doc. 8 at 18-19). The Court required Defendant Montiel, in his official capacity only, to answer (i) the RLUIPA and Free Exercise Clause claims in Count One; (ii) the Equal Protection claim in Count Two; and (iii) the Eighth Amendment claim in Count Three. (*Id.* at 19).

se litigant must "abide by the rules of the court in which he litigates." *Bias v. Moynihan*, 508 F.3d 1212, 1223 (9th Cir. 2007). The District Court of Arizona routinely denies parties the opportunity to amend a complaint for failure to comply with LRCiv 15.1. *See, e.g., Bivins v. Ryan*, No. CV–12–1097–PHX–ROS (LOA), 2013 WL 321847, at *4 (D. Ariz. Jan. 28, 2013); *Huminski v. Heretia*, No. CV11-0896-PHX-DGC, 2011 WL 2910536, at *1 (D. Ariz. July 18, 2011); *Miles v. King*, No. CV-13-370-PHX-SRB (LOA), 2013 WL 5526997 (D. Ariz. Oct. 7, 2013).

Moreover, the First Amended Complaint will supersede the original Complaint. *See Ferdik v. Bonzelet*, 963 F.2d 1258, 1262 (9th Cir. 1992); *Hal Roach Studios v. Richard Feiner & Co.*, 896 F.2d 1542, 1546 (9th Cir. 1990). That is, after amendment, the Court will treat the original Complaint as nonexistent. *Ferdik*, 963 F.2d at 1262 ("after amendment the original pleading no longer performs any function and is treated thereafter as non-existent") (internal quotation marks and citation omitted). Any cause of action that was raised in the original Complaint and that was voluntarily dismissed or was dismissed without prejudice is waived if it is not alleged in the First Amended Complaint. *See Lacey v. Maricopa County*, 693 F.3d 896, 928 (9th Cir. 2012).

Because Plaintiff has not lodged a complete First Amended Complaint that complies with LRCiv 15.1, the Court will deny Plaintiff's "Motion to Amend the Complaint" (Doc. 39).

Accordingly,

**IT IS ORDERED** denying without prejudice Plaintiff's "Motion to Amend the Complaint" (Doc. 39).

**IT IS FURTHER ORDERED** directing the Clerk of Court to mail Plaintiff a blank copy of the "Civil Rights Complaint by a Prisoner" form.

**IT IS FURTHER ORDERED** setting **November 17, 2021** as the deadline for Plaintiff to file a renewed Motion to Amend the Complaint and lodge a First Amended Complaint that complies with this Order and the Federal and Local Rules of Civil Procedure.

**IT IS FURTHER ORDERED** denying Defendant Shinn's "Request for Issuance of Screening Order and to Stay Proceedings" (Doc. 45).

Dated this 2nd day of November, 2021.

_____
Honorable Eileen S. Willett
United States Magistrate Judge